## (January 21, 1974)

■ ANONYMOUS, Appellant, v. ANONYMOUS, Respondent.— In an action for divorce or separation, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, entered April 30, 1973 in Suffolk County, as, upon motion of the guardian ad litem of infant issue to dismiss, for lack of subject-matter jurisdiction, so much of plaintiff's supplemental complaint as alleged that the infant issue are illegitimate, declared (1) that the court lacked jurisdiction to determine the legitimacy of the older child, born more than five years prior to the commencement of the action, and (2) that the legitimacy of the younger child should not be

determined until it shall have been established that the facts upon which the cause for divorce was based took place prior to his conception, and left this question to the discretion of the Trial Judge. Order reversed insofar as appealed from, without costs; motion denied; and it is directed that the question of legitimacy of both children is determinable in the action since the supplemental complaint charges defendant with adultery. The parties were married in 1956. A girl was born in May, 1966 and a boy in October, 1968. The supplemental complaint seeks a divorce upon the ground of cruel and inhuman treatment, alleging, *inter alia,* that defendant has been a constant companion of a male individual for some five years. However, the supplemental complaint also alleges the recent discovery by plaintiff, through a blood-grouping test, that he is not the father of the two children. Clearly, under any common-sense view of this complaint, the latter allegation not only challenges the children's paternity but charges defendant with adultery as well. The jurisdiction of the court in a matrimonial action to determine legitimacy is limited (Domestic Relations Law, § 175). In an action for divorce by a husband, the court may determine only the legitimacy of children begotten after "commission of the offense charged" (Domestic Relations Law, § 175, subd. 2). Further, as respects the grounds charged, it should be noted that the court may not take cognizance of any cruel and inhuman treatment occurring more than five years before commencement of the action (Domestic Relations Law, § 210; see *Figueroa* v. *Figueroa,* 66 Misc 2d 257). It may, however, consider alleged acts of adultery occurring before this five-year period, provided the action is brought within five years after the discovery of the adultery (Domestic Relations Law, § 171, subd. 3; *Ackerman* v. *Ackerman,* 200 N. Y. 72; *Coyne* v. *Coyne,* 271 App. Div. 895, affd. 297 N. Y. 927; *Rosenbaum* v. *Rosenbaum,* 56 Misc 2d 221). Since the female child was born more than five years before the commencement of the action, the issue of her legitimacy is determinable in this action only if the offense charged and established is recently-discovered adultery. In other words, it being necessary that her conception occurred upon or after commission of the offense charged and that such offense not be barred by any limitations rule, a cognizable legitimacy issue is presented only if the offense charged, or ground here pursued, is adultery, not cruel and inhuman treatment. The legitimacy of the male child is determinable in any event, inasmuch as he would have been conceived upon or after commission of all the alleged and cognizable grounds. In sum, then, insofar as plaintiff pursues and establishes his allegation of adultery, the trial court will have jurisdiction to determine the legitimacy of *both* children. Gulotta, P. J., Shapiro, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: I believe that the public policy of the State, upon the facts and circumstances of this case, forecloses inquiry upon the legitimacy of the children here involved.